IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOY OVERDORF, | : | Civil Action – Law |
| | : | |
| Plaintiff | : | Case No. |
| | : | |
| vs. | : | Judge: |
| | : | |
| CLINTON COUNTY SOLID WASTE | : | Complaint Filed: |
| AUTHORITY; WAYNE TOWNSHIP | : | |
| LANDFILL; JAY ALEXANDER, | : | [ELECTRONICALLY FILED] |
| Individually and as General Manager of | : | |
| the Clinton County Solid Waste | : | JURY TRIAL DEMANDED |
| Authority and/or Wayne Township | : | |
| Landfill, | | |
| | | |
| Defendants | | |

## **COMPLAINT**

1.     Plaintiff, Joy Overdorf, is an adult individual currently residing at 31 Mountainview Drive, Lock Haven, Pennsylvania, within the Middle District of Pennsylvania.

2.     Defendant Clinton County Solid Waste Authority (hereinafter "Authority") is a governmental entity established pursuant to the laws of the Commonwealth of Pennsylvania, and which is located at 264 Landfill Lane, P.O. Box 209, McElhattan, Pennsylvania, within the Middle District of Pennsylvania.

3.     Defendant Wayne Township Landfill (hereinafter "Landfill") is a governmental entity owned and operated by Defendant Authority and amenable to suit, established pursuant to the laws of the Commonwealth of Pennsylvania, and which is located at 264 Landfill Lane, P.O. Box 209, McElhattan, Pennsylvania, within the Middle District of Pennsylvania.

4.     Defendant Jay Alexander (hereinafter "Alexander") is an adult individual and General Manager of Defendant Authority and/or Defendant Landfill, with final and/or delegated policy and decision-making authority regarding employment and termination of individuals such as Overdorf, and who may be located at 264 Landfill Lane, P.O. Box 209, McElhattan, Pennsylvania, within the Middle District of Pennsylvania.

5.     This action is brought pursuant to 42 U.S.C. § 1983 and the First Amendment to the United States Constitution, and the law and common law of Pennsylvania regarding wrongful discharge.

6.     Jurisdiction is placed in this court by 28 U.S.C. §§ 1331 and 1343.  This

court may further exercise supplemental jurisdiction over Plaintiff's state law claim of wrongful discharge pursuant to 28 U.S.C. §1367.

7.      The Defendants are found within the Middle District of Pennsylvania, and a substantial part of the events or omissions giving rise to the claims occurred within the Middle District of Pennsylvania.

8.      Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b) and (c).

9.      At all times relevant hereto, Defendants Authority and/or Landfill were Overdorf's employer, and were state actors within the meaning of 42 U.S.C. § 1983 and the First Amendment to the U.S. Constitution, and acted under color of state statute, ordinance, regulation, custom or usage.

10.     Overdorf began her employment with Defendants Authority and/or Landfill in or about November 2001 as a part-time weighmaster, ultimately becoming fulltime in or about February 2002.

11.     Defendants, regarding operation of the landfill facility, were licensed by the Department of Environmental Protection (hereinafter "DEP").

12.     In order to perform her duties for Defendants, Overdorf was issued a license as a Public Weighmaster by the Pennsylvania Department of Agriculture.

13.    In or about Spring 2002, the Pennsylvania Office of Attorney General (hereinafter "OAG") was conducting an investigation into illegal activity by Defendants in operating the landfill facility.

14.    In or about April 2002, OAG and other law enforcement agents, as part of the investigation, went to the landfill facility and interviewed Overdorf.

15.    Upon information, knowledge and belief, Overdorf was the first employee of Defendants interviewed by OAG and other law enforcement agents, as part of the investigation.

16.    Overdorf provided truthful information in answer to questions regarding the illegal activity.

17.    Thereafter, Overdorf was interviewed on additional occasions by OAG and other law enforcement agents, as part of the investigation, and continued to provide truthful answers.

18.    The OAG utilized the information provided by Overdorf to gather further information and documents, interview and subpoena witnesses to testify before a statewide investigating grand jury, obtain a Presentment from the statewide investigating grand jury against Defendant Alexander, prepare criminal charges and a Criminal Complaint against Defendant Alexander, and pursue criminal prosecution of Defendant Alexander for illegal activity concerning operation of the landfill facility.

19.    Defendants were aware that Overdorf had been interviewed and provided truthful information to the OAG and other law enforcement agents, and that such information was being utilized by the OAG to gather further information and documents, interview and subpoena witnesses to testify before a statewide investigating grand jury, obtain a Presentment from the statewide investigating grand jury against Defendant Alexander, prepare criminal charges and a Criminal Complaint against Defendant Alexander, and pursue criminal prosecution of Defendant Alexander for illegal activity concerning operation of the landfill facility.

20.    On October 23, 2003, Defendants, through correspondence prepared and signed by Defendant Alexander, terminated Overdorf's employment.

21.    The reasons given for Overdorf's termination were unfounded and pretextual.

22.    A motivating, substantial, or determinative factor in Overdorf's termination was her providing of truthful information to the OAG and other law enforcement agents as part of the above described investigation.

23.    Defendant Alexander ultimately was charged with various crimes as a result of the above described investigation, and pled guilty to certain of those charges.

24.    As a legal result of her termination, which Overdorf claims violated her rights to freedom of speech under the First Amendment to the United States

Constitution, and her rights against wrongful discharge pursuant to the law and common law of the Commonwealth of Pennsylvania, Overdorf suffered and continues to suffer lost wages and benefits, lost future wages and benefits, other monetary losses, interest, emotional distress, attorney's fees and costs, and such other damages as may become apparent.

25.     Defendants acted with intent, and/or Defendants engaged in the unlawful practices maliciously, willfully, in bad faith, or with reckless disregard and indifference to Plaintiff's rights.

## COUNT I

26.     Paragraphs 1 through 25 are incorporated herein by reference as though full set forth.

27.     The information provided by Overdorf to the OAG and other law enforcement agents regarding illegal activity at the landfill facility constituted speech addressing a matter of public concern.

28.     Overdorf's interest in the speech outweighed any interest of Defendants in promoting workplace efficiency and avoiding workplace disruption.

29.     Defendants, by terminating Overdorf because of her speech, violated Overdorf's rights to freedom of speech pursuant to 42 U.S.C. § 1983 and the First Amendment to the United States Constitution.

30.    Overdorf seeks all rights and remedies to which she is entitled pursuant to 42 U.S.C. § 1983 and the First Amendment to the United States Constitution, including lost wages and benefits and future wages and benefits, reinstatement, compensatory and liquidated and/or punitive damages, damages for emotional distress, interest, declaratory and injunctive relief, attorneys' fees and costs, and all other relief which is available.

WHEREFORE, Overdorf respectfully prays this Honorable Court enter judgment in her favor and award her reinstatement, lost wages and benefits, lost future wages and benefits, other monetary losses, interest, emotional distress, liquidated and/or punitive damages, declaratory and injunctive relief, attorneys' fees and costs, and all other relief which is available.  Plaintiff demands a jury trial.

## COUNT II

31.    Paragraphs 1 though 30 are incorporated herein by reference as though fully set forth.

32.    Overdorf had a legal obligation to answer the questions of the OAG and other law enforcement agents truthfully, and false answers would have constituted illegal conduct.

33.    Defendants, by terminating Overdorf for providing truthful answers to questions of the OAG and other law enforcement agents, subjected Overdorf to a wrongful discharge.

34.    Overdorf seeks all rights and remedies to which she is entitled pursuant to a claim of wrongful discharge, including lost wages and benefits and future wages and benefits, reinstatement, compensatory and liquidated and/or punitive damages, damages for emotional distress, interest, declaratory and injunctive relief, attorneys' fees and costs, and all other relief which is available.

WHEREFORE, Overdorf respectfully prays this Honorable Court enter judgment in her favor and award her reinstatement, lost wages and benefits, lost future wages and benefits, other monetary losses, interest, emotional distress, liquidated and/or punitive damages, declaratory and injunctive relief, attorneys' fees and costs, and all other relief which is available.  Plaintiff demands a jury trial.

RIEDERS, TRAVIS, HUMPHREY, HARRIS
WATERS & WAFFENSCHMIDT


S/ Jeffrey C. Dohrmann
_____
Jeffrey C. Dohrmann, Esquire
Attorney for Plaintiff
161 West Third St., PO Box 215
Williamsport, PA 17701
PA Bar No. 68870
Tel: (570) 323-8711
Fax: (570) 323-4192
E-Mail: jdohrmann@riederstravis.com